BANG v. CITY OF HOUSTON. (No. 8576.)*

(Court of Civil Appeals of Texas. Galveston. Jan. 14, 1925. Rehearing Denied Feb. 5, 1925.)

1. Evidence ☛460(6)—Where map contained discrepancies rendering it ambiguous, another was admissible to show where maker thereof did in fact place a disputed line.

Where sole controversy between city and property owner was as to location of southern line of a street, and map, which was source of city's claim, contained discrepancies rendering it ambiguous, another map was admissible to show where maker of first map did in fact locate such southern line of street.

2. Municipal corporations ☛654—Finding of location of street sustained.

In suit by city against property owner in which city alleged that disputed property was

part of city street, and sole controversy was as to location of southern line of such street, evidence *held* to sustain finding for city.

3. Appeal and error ☛930(3)—Presumed that trial court found against defeated party on nonrequested issue.

Where, in suit between city and property owner tried before jury upon special issues, property owner did not request submission of issue as to whether improvements made by him on disputed property were made in good faith, and whether value of property was enhanced thereby, and judgment was rendered for city, *held* that, under Rev. St. art. 1985, appellate court must presume that court found against property owner on such issue.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Suit by the City of Houston against J. H. Bang and another. Judgment for plaintiff, and named defendant appeals. Affirmed.

Fogle & Gentry, of Houston, for appellant.
Sewall Myer, and W. Ray Scruggs, both of Houston, for appellee.

LANE, J. This suit was brought by the city of Houston against J. H. Bang and P. Kaplan in form of trespass to try title to two tracts or parcels of land, which, it is alleged, are within and a part of Ann street in said city.

Judgment was rendered in favor of the city against defendant Kaplan on his confession, therefore no further mention of him is necessary.

The land alleged to be in said street and in possession of defendant Bang is described as follows:

"Beginning at a point on the south line of block 7 of the S. W. Williams subdivision, north 55 degrees west 106.75 feet from the southeast corner of block 7 of the S. M. Williams subdivision; thence north 55 degrees west, 106.75 feet to fence on the east line of McAlpine street; thence south 35 degrees west 13.65 feet to fence corner; thence south 55 degrees 48 minutes east 106.75 feet; thence north 35 degrees east 12.15 feet to place of beginning."

Defendant Bang denied generally, and pleaded not guilty. He especially alleged that he was the owner of that certain tract or parcel of land, a part of the subdivision of the S. M. Williams league, as made by Surveyor Rothhaas, according to the map thereof recorded in vol. O, p. 401, of the deed records of Harris county, Tex., described by metes and bounds as follows:

"Beginning at the intersection of McAlpine and Ann streets, in the city of Houston, Harris county, Tex., as the same are marked on the grounds; thence northeast, along the east side of McAlpine street, a fence line, 63½ feet to a stake; thence southeast, parallel with Ann street and at right angles to McAlpine street,

118 feet to a stake; thence southwest parallel to McAlpine street, and at right angles to Ann street, 63½ feet to a corner; thence along the north side of Ann street in a northwesterly direction 118 feet to the place of beginning."

He disclaimed any title or interest to any of the land sued for by the city of Houston, except such as he described in his answer, if any. In addition to his claim to the land described by him under a deed, Bang pleaded title under the statutes of limitation of 5 and 10 years. He also alleged improvements in good faith, and prayed for the value of such improvements in the event it should be held that he was not the owner of the land sued for.

By supplemental petition, the city of Houston says it is not guilty of the wrongs, injuries, and trespasses charged by Bang against it, and says that the land sued for by it has been used as a public street in said city openly and notoriously for more than 10 years, and that it has acquired the prescriptive right of user in and to the same.

By cross-petition, Bang made Antoinette Guenther and husband, F. J. Guenther, his vendors of the land claimed by him, parties to the suit, and prayed that in the event the city of Houston should recover in the suit that he have judgment over against his said vendors, upon their warranty for the sum of $2,000 and all costs of suit. The Guenthers answered, admitting that they conveyed the land described in the answer and cross-action of Bang, but do not admit that they were paid the consideration therefor alleged by Bang. They adopted the answer of Bang made to the suit of the city of Houston.

The cause was tried before a jury upon special issues as follows:

Special Issue No. 1: "Is or is not any part of Ann street, as shown by map recorded in volume O, p. 401, of the Deed Records of Harris County, Tex., within the inclosure of the defendant J. H. Bang? Answer 'It is' or 'It is not,' as you find the fact to be."

Special Issue No. 2: "If you have answered special issue No. 1 in the negative, then you need not answer any further issues. If you have answered special issue No. 1 in the affirmative, then you will answer the following issue: Give the dimensions in feet of the encroachment on Ann street by stipulating the number of feet of said encroachment on the west, south, and east."

Special Issue No. 3: "Did or did not the defendant J. H. Bang, and those under whom he deraigns title, have peaceable and adverse possession of the land in controversy, cultivating, using, or enjoying the same, for any period of ten years or more prior to July 4, 1887? Answer 'He did,' or 'He did not,' as you find the fact to be."

In answer to the issues submitted the jury found, first, that the land sued for by the city of Houston is a part of Ann street, as shown by the map recorded in volume O, p. 401, of the Deed Records of Harris County, Tex., and that the same is within the enclosure of defendant Bang; second, that defendant Bang and those under whom he deraigns title had not had peaceable and adverse possession of the land sued for by said city, cultivating, using, or enjoying the same for any period of ten years or more prior to July 4, 1887. Upon the answers of the jury and the evidence, the court rendered judgment in favor of the city of Houston, for the land sued for by it and also rendered judgment in favor of defendant Bang over against the Guenthers for the sum of $375 and one-half of all costs. From the judgment so rendered defendant Bang, alone, has appealed.

It is apparent from the pleadings of the parties that the city of Houston is asserting title only to land within the street of Ann, and that defendant Bang has disclaimed to any land in said street, and that he is claiming record title only to the land conveyed to him by the Guenthers, lying north of the north line of said street, wholly without the same. Since then, Houston is claiming no land north of the north line of Ann street and Bang is claiming no land south of said line except by limitation, the sole controversy between these two parties is as to where said line is situated on the ground, the question of limitation having been settled by the verdict of the jury, of which there is no complaint.

It is shown that in the year 1847 one Rothhaas subdivided the western portion of the S. M. Williams league and made a plot of such subdivision, which shows the blocks, lots, and streets into which said portion was divided. This plot or map was recorded in volume O of the Deed Records of Harris County on page 401. This subdivision, shown by the plot or map, is bounded on the west by Lotman street and on the east by Buffalo street. The streets in said subdivision running north and south through it, beginning from the west, are Alley street, Flynn street, Marsh street, and McAlpine street, and those running through it from west to east, beginning at the south, are Wilson, German, Runnels, and Ann; all of these streets are 40 feet wide.

As shown by the map of 1847 recorded in volume O of the Deed Records, Ann street runs straight from Lotman street to Buffalo street, and it is shown that it has been recognized by the public generally as being located where the city of Houston contends it is since 1872, when the map of said subdivision, hereinafter mentioned, was made and placed of record. The west line of Buffalo street, which is the east line of said subdivision, from Runnels street to Ann street is indicated on the map of 1847 as being 310 feet in length, but this map shows that this line is to extend from Runnels street to Ann street regardless of distance, and

therefore the controling question to be determined, as before stated, is, where did the maker of said map place the north line of Ann street, as this map is the source of the claim of the city of Houston to the land sued for.

The east line of block 8 of the subdivision extending from Runnels street to Ann street is marked on the map as being 310 feet in length, and the figures on the map showing the width of said block from east to west are 228½ feet. It is shown by the undisputed evidence that when any scale is applied to the figures marked on the map a discrepancy arises, that is if the scale used should make the width of block 8, 228½ feet, as shown on the map, the same scale if applied to the length as shown on the map would make it 360 feet.

[1, 2] These discrepancies clearly show an ambiguity in the map, and in such case it was admissible to offer evidence to show where the maker of the map did in fact place the south line of Ann street, and for this purpose the court permitted the plaintiff to introduce in evidence a map made of said subdivision in 1872, more than 50 years ago, recorded in volume 10 of the Deed Records of Harris County, which shows the length of the block of said subdivision, lying between Runnels street and Ann street, to be 360 feet, after it had been shown by other evidence that for more than 22 years Ann street had been recognized by the general public as being located where the plaintiff contends it is. Without entering into a further detailed statement of the facts shown, it is sufficient to say that we have reached the conclusion that the testimony, objected to by appellant, was clearly admissible, and, as a whole, the evidence was amply sufficient to sustain the judgment rendered.

Appellant insists that the undisputed evidence shows that he erected valuable improvements upon the land sued for, in good faith, believing himself to be the owner thereof, and therefore the court erred in not awarding to him the value of such improvements. We overrule appellant's contention.

[3] The case was tried before a jury upon special issues. There was, as we have already shown, ample evidence to support the finding of the jury that the land in controversy was in Ann street. It was agreed by the parties to the suit that the erection of a house on a street would not enhance the value of the street as a street, but that it would rather detract from its value, because it would have to be moved off in order to use the street.

The witness, Katie Jones, testified that she called Bang's attention to the fact that he was putting his buildings, etc., in the street at the time he was erecting them. So it is difficult to see how appellant was entitled to any compensation for having made valuable improvements in the street, in good faith. Again: There was a conflict of testimony as to the value of the improvements encroaching into Ann street and the issue as to the value of such improvements was not requested to be submitted to the jury.

Bang testified, giving his estimate of the value of his improvements. His testimony as to the value was disputed by witness Taylor, who testified that he was engaged in the real estate business and that he knew the value of such property as that of Bang, and that under no condition would the value of such property exceed $500; that assuming that the building of Bang was located in Ann street the street would not be enhanced in value to any extent by reason of said building; but the building would have practically no salvage value, when removed from the street.

By article 1985 of the Revised Civil Statutes, it is provided as follows:

Article 1985. "The special verdict must find the facts established by the evidence, and not the evidence by which they are established; and it shall be the duty of the court, when it submits a case to the jury upon special issues, to submit all the issues made by the pleading. But the failure to submit any issue shall not be deemed a ground for reversal of the judgment, upon appeal or a writ of error, unless its submission has been requested in writing by the party complaining of the judgment. Upon appeal or writ of error, an issue not submitted and not requested by a party to the cause, shall be deemed as found by the court in such manner as to support the judgment; provided, there be evidence to sustain such a finding."

Since appellant did not request the submission of an issue on the questions of improvements, in good faith, and the enhanced value of the property in controversy by reason of such improvements, it should, in view of the facts shown, the provisions of the statute quoted, and the judgment rendered, be presumed that the court found against appellant on said issues. We have examined all of appellant's assignments and have reached the conclusion that none of them present reversible error.

For the reasons expressed, the judgment is affirmed.

Affirmed.